[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action arises out of an agreement between the parties whereby the plaintiff agreed to purchase from the defendants certain real property located in Norwalk, Connecticut. The closing was held on December 31, 1990. The agreement between the parties contained a rider which allowed the defendant sellers to retain possession of the property until February 28, 1991 with an opportunity for an extension until March 15, 1991 at their option. The defendant exercised the option and therefore had the right to retain possession of the property until March 15, 1991. However, the defendants did not vacate the property at that time CT Page 539 and vacated the property on June 6, 1991 as a result of summary process action instituted by the plaintiff.
In the first count of the complaint the plaintiff seeks to recover the reasonable rental value of the property as use and occupancy for the period during which the defendants did not vacate the property and an additional sum of $100 per day pursuant to the agreement between the parties. In the second count, the plaintiff claims that the defendant agreed to remain in possession of the premises no later than March 15, 1991 and that their failure to do so was the result of fraudulent, reckless and negligent behavior on their part causing damage to the plaintiff.
The agreement between the parties contained a use and occupancy rider which provided, in paragraph 4 thereof, as follows:
 "The sum of $1,655.00 shall be held in escrow by the Sellers' attorney from the balance due at the closing pending the delivery and possession by the Sellers pursuant to Paragraphs 1 and 3 above. For each day after either February 28, 1991 or March 15, 1991 as the case may be, that the Sellers failed to so deliver possession, they shall forfeit to the purchaser the sum of $100 from the escrow in addition to the other obligations set forth herein. . . ." (emphasis supplied)
As to the first count, the parties are not in disagreement as to the liability of the defendants for use and occupancy payments or the months of March, April, May and six days of June at the rate of $1,650 a month. The parties are in dispute however, with respect to the $100 per day provided in the above quoted provision. The defendants do not contest the viability of that provision, but claim that, if such sum is awarded to the plaintiff, the liability is limited to $1,650. The plaintiff on the other hand claims that the $100 a day payment is payable, in addition to use and occupancy, for each day that the defendants failed to deliver possession of the property. The parties are also in agreement as to the governing law relating to the interpretation of contracts which both parties have set forth in their respective briefs. The court finds that the phrase "from the escrow", as utilized in the above quoted provisions constitute a limiting phrase so that the total sums due under that provision would total the sum of $1,650 to which the court finds that the plaintiff is entitled. The court further finds that the plaintiff is entitled to the sum of use and occupancy payments $1,650 per month which CT Page 540 amounts to $4,950 for the months of March, April and May and $330 for six days in June. The parties are in agreement that the use and occupancy charge is in the amount of $5,280 to which the court adds the sum from the escrow account of $1,650 making a total sum due to the plaintiff on the first count, as of June 6th, of $6,930.00. To that, the court adds interest at the rate of 10% per year pursuant to General Statutes 37-3a from June 7, 1991 to January 28, 1993 in the amount of $1,139.67. Accordingly, the court finds that there is due to the plaintiff under the first count the sum of $8,069.67.
The claim made in the second count asserts that the date of March 15, 1991 provided to the plaintiff for vacation of the premises by the defendants was the result of fraudulent, reckless or negligent conduct on the part of the defendant. At the time of the closing in December of 1990, the defendants were refurbishing other property owned by them under a contract which originally provided for a completion date of November 15, 1990 and which had been extended, by the architect, for an additional 70 days. The defendants contacted their architect and builder, both of whom advised the defendants that the refurbishing work would be completed at the latest by the end of February 1991 and certainly no later than March 15, 1991. For reasons unassociated with the defendants, the work was not completed until long after that date. Accordingly, the defendants relayed that date to the plaintiff and that constitutes the manner in which the March 15th date was arrived at. The builder performing the refurbishing work for the defendant also testified that that was his opinion when asked by the defendant and that he provided the defendants with that date based upon his best judgment as it existed at that time.
Under the facts presented in this case, the plaintiff has not sustained her burden of proof with respect to the allegations contained in the second count. The plaintiff has not proven any fraudulent conduct, reckless conduct or negligent conduct on the part of the defendants and, therefore, no award can be made for punitive damages or attorney's fees which are claimed in the second count.
Accordingly, judgment may enter for the plaintiff in the amount of $8,069.67.
RUSH, J. CT Page 541